IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: AREDIA AND ZOMETA | ) | |
| PRODUCTS LIABILITY LITIGATION | ) NO. 3:06-MD-1760 | |
| | ) JUDGE CAMPBELL | |
| This Document Relates to Case | ) | |
| No. 3:06-0377 (Thomas) | ) | |

## MEMORANDUM

Pending before the Court is Defendant's *Daubert* Motion to Exclude Causation Testimony
of Plaintiff's Non-Retained Expert in the *Thoma*s Case (Docket No. 2241). For the reasons stated
herein, Defendant's Motion is GRANTED for purposes of summary judgment.

Defendant asserts that Plaintiff cannot offer the testimony of his treating physician, Dr.
Richard Johnson, as an expert to opine that Plaintiff's ONJ was caused by Zometa. Defendant
claims that Dr. Johnson's testimony does not meet the standards set forth in *Daubert v. Merrill Dow
Pharmaceuticals*, 113 S.Ct. 2786 (1993) to offer expert testimony about medical causation. Dr.
Johnson has not been retained by Plaintiff or provided an expert report under Fed. R. Civ. P. 26.
Plaintiff does not have a retained expert on specific causation.

## TESTIMONY OF TREATING PHYSICIANS

Generally, a treating physician may provide expert testimony regarding a patient's illness,
the appropriate diagnosis for that illness, and the cause of the illness. *Gass v. Marriott Hotel
Services, Inc.*, 558 F.3d 419, 426 (6th Cir. 2009). However, a treating physician's testimony remains
subject to the requirement set forth in *Daubert* that an expert's opinion testimony must have a
reliable basis in the knowledge and experience of his discipline. *Id*.

Under *Daubert*, the court, before allowing the expert's testimony, must consider (1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology could be applied properly to the facts at issue to aid the trier of fact. *Gass*, 558 F.3d at 426. A medical doctor is generally competent to testify regarding matters within his or her own professional experience. *Gass*, 558 F.3d at 427-28 (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 982 (6th Cir. 2004)). When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702. *Id*.

In *Gass*, the Sixth Circuit found that the district court properly permitted the treating physicians to testify regarding symptoms, tests, diagnosis and treatment, but it properly excluded their testimony regarding where and when plaintiffs were exposed to pesticides; that is, causation. *Gass*, 558 F.3d at 426-428. The court stated that the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the causes of those medical conditions. *Id*. at 426. In *Gass*, nothing in the medical expertise of the treating physicians provided a basis for determining the exact chemical to which the plaintiffs were exposed. *Id*. at 428. In other words, the treating physicians had not demonstrated a scientifically reliable method to support their conclusions as to causation. *Id*. at 426. The Eighth Circuit has held that a treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for the purposes of litigation. *Bland v. Verizon Wireless, (VAW) LLC*, 538 F.3d 893, 897 (8th Cir. 2008).[1]

_____

[1]    In refusing to exempt a treating physician from the requirements of Fed. R. Evid. 702, another court stated that "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *Campbell v. CSX Transp., Inc.*,

2

> Although we agree that a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment which is "based on scientific, technical, or other specialized knowledge," that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*.

*Wilson v. Taser Int'l, Inc.*, 2008 WL 5215991 at ** 3 (11th Cir. Dec. 16, 2008).[2]

Another court has held that there is a fundamental distinction between a treating physician's ability to render a medical diagnosis based on clinical experience and her ability to render an opinion on causation of the patient's injuries. *Wynacht v. Beckman Instruments, Inc.*, 113 F.Supp.2d 1205, 1211 (E.D. Tenn. 2000). The court stated: "The ability to diagnose medical conditions is not remotely the same, however, as the ability to deduce, delineate, and describe, in a scientifically reliable manner, the causes of those medical conditions." *Id*.

In *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), the issue was whether a treating physician could testify about causation without filing a Rule 26 expert report.[3] The court held that he could, noting that the treating physician formed his opinion as to causation at the time he treated the plaintiff, and there was no evidence that the physician formed his opinion at the

---

2009 WL 1444656 at * 3 (C.D. Ill. May 21, 2009).

[2] The U.S. District Court for the Western District of Tennessee found that as an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 575 (W.D. Tenn. 2009).

[3] Whether an expert report is required seems to depend largely on whether the expert's opinion will be limited to testimony based on her personal knowledge of the factual situation or whether the testimony will be based on information she utilized to develop specific opinion testimony; i.e., knowledge acquired or developed in anticipation of litigation. *Bekaert* at 576.

request of Fielden's counsel.  The court noted that Rule 26 requires the filing of an expert report

from a treating physician only if that physician "was retained or specially employed to provide

expert testimony."  *Id*. at 869. In addition, the court stated: "This conclusion is supported by the

obvious fact that doctors may need to determine the cause of an injury in order to treat it."

Determining causation may therefore be an integral part of "treating" a patient.  *Id*. at 870.

> It is within the normal range of duties for a health care provider to develop opinions
> regarding causation and prognosis during the ordinary course of an examination. To
> assume otherwise is a limiting perspective, which narrows the role of a treating
> physician.  Instead, to properly treat and diagnose a patient, the doctor needs to
> understand the cause of a patient's injuries.

*Id.; see also Hurst v. CSX Transp., Inc.*, 2009 WL 47010 at * 6 (M.D. Tenn. Jan. 6, 2009).

The determinative issue is the scope of the proposed testimony.  *Fielden*, 482 F.3d at 871.

Some courts have accordingly concluded that when the nature and scope of the treating physician's

testimony strays from the core of the physician's treatment, Rule 26 requires the filing of an expert

report from that physician.  *Id*. at 870.  "Under this purposive reading of Rule 26, a report is not

required when a treating physician testifies within a permissive core on issues pertaining to

treatment, based on what he or she learned through actual treatment and from the plaintiff's records

up to and including that treatment."  *Id*. at 871.  The treating physician for whom no expert report

is supplied is not permitted to go beyond the information acquired or the opinion reached as a result

of the treating relationship to opine as to the causation of any injury or to give an opinion regarding

the view of any expert called by the defendant.  *Lorenzi v. Pfizer, Inc.*, 519 F.Supp.2d 742, n.6 (N.D.

Ohio 2007).[4]

---

[4]    Written reports are not required of all experts, but only those who are retained or
specially employed to provide such testimony in the case or whose duties as an employee of a party
regularly involve the giving of such testimony.  *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D.

To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient - - - as opposed to being subsequently supplied by an attorney involved in the litigation - - - then no Rule 26 (a)(2)(B) statement should be required. *Id.* However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Id.*

## DR. JOHNSON

In accordance with the above standards, Dr. Johnson may testify, for purposes of summary judgment, as to the facts of Plaintiff Thomas' symptoms, tests, diagnosis and treatment, as to what he did in response to Plaintiff's condition and as to what he would have done differently, if anything, had he known of any additional warnings. Dr. Johnson may not testify, for purposes of summary judgment, as to the issue of specific causation.

Dr. Johnson has admitted that he is not an expert with regard to ONJ. Johnson Deposition (Docket No. 2242-7), pp. 8, 18, 19 and 98. ( "And at the time when you first saw Mr. Thomas in August of 2005 did you consider yourself an expert on diagnosing the cause of ONJ in bisphosphonate users? No, I don't consider myself an expert now.") As the court stated in *Gass*, the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the specific causes of those conditions. Plaintiff has not carried his burden to show that Dr.

---

Tenn. 2002). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id.* (citing Fed. R. Civ. P. 267 advisory committee's note (1993)). The treating physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the patient. *Id.*

5

Johnson's medical expertise provides a basis for determining the exact cause or mechanism by which Plaintiff developed ONJ.  *See Gass*, 558 F.3d at 428.

Accordingly, the Court, for purposes of summary judgment, cannot and has not considered Dr. Johnson's testimony about specific causation.  The Plaintiff has offered no other expert witness on specific causation.

CONCLUSION

For all these reasons, Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiff's Non-Retained Expert in the *Thomas* Case (Docket No. 2241) is GRANTED for purposes of the pending summary judgment motion.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

6