IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA AND ZOMETA )
 PRODUCTS LIABILITY LITIGATION ) NO. 3:06-MD-1760
) JUDGE CAMPBELL
This Document Relates to Case )
 No. 3:06-0377 (Thomas) )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 2257). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's claims are DISMISSED.

FACTS

Plaintiff Punnose Thomas alleges that Defendant's product, Zometa, caused him to develop osteonecrosis of the jaw ("ONJ"). Plaintiff has brought claims for strict liability (design defect), strict liability (failure to warn), negligence, breach of expressed warranty, and breach of implied warranty.

SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present

evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id*.

## CAUSATION

Plaintiff's claims all revolve around his allegation of Defendant's failure to warn. To recover in a failure to warn case, under Oklahoma law, a plaintiff must establish both cause-in-fact (that the product caused the injury) and proximate cause (that the manufacturer breached a duty to warn of possible detrimental reactions). *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). To qualify as a proximate cause of the injury, the breach of the duty or failure to warn must be a "substantial contributing factor" in bringing about the harm in question. *Id.*; *see also Stafford v. Wyeth*, 411 F.Supp.2d 1318, 1320 (W.D. Okla. 2006) (plaintiff must establish both that the drug in fact caused her injury and that Wyeth's failure to warn was the proximate cause of her injury.) The burden of proof regarding causation is on the plaintiff, and a defense to a products liability action is that the product did not cause the injury. *Johnson v. Ford Motor Co.*, 45 P.3d 86, 91 (Okla. 2002).

Although there are genuine issues of material fact as to whether Zometa generally causes ONJ, Plaintiff Thomas has not carried his burden of establishing specific causation; that is, he has not offered admissible proof that Zometa caused his specific injury. Because the Court cannot consider the testimony of Plaintiff's treating physician, Dr. Johnson, on this issue, and because Plaintiff has offered no other expert proof on specific causation, the Court must find that Plaintiff has not shown specific causation, which is a necessary element to all his causes of action.

2

Thus, Defendant is entitled to summary judgment on the pivotal issue of specific causation in this case, and Plaintiff's claims fail.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 2257) is GRANTED, and Plaintiff's action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE